**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVY KELVIN POUGH, | No. 10-56531 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01498-JM-RBB |
| v. | |
| N. GRANNIS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Davy Kelvin Pough, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants violated his Eighth Amendment rights by denying him out-of-cell

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exercise in connection with a prison lockdown. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to exhaust administrative remedies and its factual determinations for clear error, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Pough failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in denying Pough's motions to appoint counsel because Pough did not establish exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (reviewing for abuse of discretion and explaining that a finding of exceptional circumstances justifying appointment of counsel requires evaluation of a plaintiff's ability to articulate his claims); *see also Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (no constitutional right to appointed counsel for § 1983 claims).

Pough's remaining contentions are unpersuasive.

**AFFIRMED.**